**Michael BUONO, Appellant,**

v.

**JONES & LAUGHLIN STEEL CORPORATION.**

No. 16998.

United States Court of Appeals Third Circuit.

Argued Feb. 23, 1968.

Decided March 15, 1968.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Loyal H. Gregg, White, Jones & Gregg, Pittsburgh, Pa., for appellee.

Before KALODNER, FORMAN and FREEDMAN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In July, 1967, the plaintiff, a seaman employed by the defendant since 1951, brought an action against it under the Jones Act,[1] alleging that in October, 1964, he had suffered disabling back and other injuries by reason of the defendant's negligence.

On July 31, 1967, the defendant, by written notice, "relieved" the plaintiff "from duty" effective August 1, 1967, "in view of the physical impairments you claim to have". Defendant stated in its written notice that it was acting pursuant to the provisions of the current "Basic Labor Agreement" between it and The National Maritime Union of America, AFL-CIO of which plaintiff is a member.

On August 2, 1967, plaintiff filed the instant declaratory judgment seeking an adjudication that the defendant's action in relieving him from duty was "illegal", together with injunctive relief and damages. He alleged in his complaint that jurisdiction existed under the Jones Act, "incorporating 45 U.S.C.A., sections 55 and 60", because in his view his "relief"

1. 46 U.S.C.A. § 688.

from duty was attributable to his July, 1967, damage action.

Pursuant to procedures provided by the Basic Labor Agreement, the plaintiff's union, on August 21, 1967, filed a "Grievance", signed by the plaintiff, in which he alleged he had "been unjustly and unfairly treated", and requested "immediate reinstatement with restoration for all time lost".[2]

On September 22, 1967, the District Court, after hearing and consideration of affidavits setting forth the foregoing facts, granted the defendant's motion for summary judgment in its favor, which was premised on the contention that the plaintiff had failed to state a claim upon which relief could be granted.

On review of the record we find no error.

The Order of the District Court granting summary judgment in favor of the defendant will be affirmed.

---

2. The parties have filed a Stipulation certifying that the impartial arbitrator, designated under the Basic Labor Agreement, held a hearing on February 16, 1968 on the plaintiff's Grievance, and that "No decision has been made by the arbitrator."